UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BETTY BUTTS                              CIVIL ACTION NO. 19-cv-1191

VERSUS                                   CHIEF JUDGE HICKS

GEORGE BITTLE, ET AL                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Betty Butts ("Plaintiff") filed this civil action in state court for damages she sustained in a motor vehicle accident. Defendants Starr Indemnity & Liability Company ("Starr"), Expedited Logistics and Freight Services, LLC ("Expedited Logistics"), and George Bittle ("Bittle") removed the case to this court on the basis of diversity jurisdiction, which puts the burden on the removing parties to allege facts that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The allegations in the notice of removal are adequate with one exception.

The notice of removal alleges that Expedited Logistics and Freight Services, LLC, "is a limited liability corporation organized under the laws of the state of Texas" with its principal place of business in Texas and "is a citizen of Texas for purposes of diversity jurisdiction." The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid

Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017).  If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.  Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

      The notice of removal does list the "managing members" of Expedited Logistics and states that they are "all residents of the suburbs of Houston, Texas."  However, to establish the citizenship of an LLC, the notice of removal must allege the citizenship of *every* member.  Additionally, it is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'"  Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984).  A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State."  Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006).  That is the state in which the person is domiciled.  Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003).

In order to establish subject matter jurisdiction, the removing defendants must file, no later than **October 9, 2019**, an amended notice of removal that properly alleges the citizenship of all of the members of Expedited Logistics.[1]

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of September, 2019.

Mark L. Hornsby
U.S. Magistrate Judge

---

[1] Paragraph 8 of the notice of removal states that the Fifth Circuit applies the "total activity" test to determine a corporation's principal place of business. The current standard is the "nerve center" test. This is where its high-level officers direct, control, and coordinate the corporation's activities. Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010). The notice of removal does state that the principal places of business listed qualify under the "nerve center" test.